

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Eric E. Bernard

Plaintiff,

                    Vs.    Case No: 24-cv-50134

Sgt. Katherine Presley,

Sgt. Dahlstrom,

Sgt. Jefry Dalke,

Monica Carpenter,

Officer Daniel Ditzler,

Officer Jacob Cassidy,

Officer Coy,

Officer Hollins,

Officer Brian Onken,

Officer Gallegos,

CNA Hoffman,

Unknown Officer (John Doe),

Defendants.

1

**CHECK ONE ONLY: AMENDED COMPLAINT**

__X___ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

_____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

_____ **OTHER** (cite statute, if known)

**I. Plaintiff(s):**

    A. Name:  Eric E. **Bernard**

    B. List all aliases:  Terrell King

    C. Prisoner identification number:  R25398

    D. Place of present confinement:  No longer in prison

    E. Address:  2055 W. Balmoral Ave

        Chicago, IL 60651

**II. Defendant(s):**

    A. Defendant: Dahlstrom

        Title: Sergeant

        Place of Employment: Dixon Correctional Center

    B. Defendant: Jefry Dalke

        Title: Sergeant

        Place of Employment: Dixon Correctional Center

    C. Defendant: John Doe

      Title: Correctional Officer

      Place of Employment: Dixon Correctional Center

D. Defendant: Monica Carpenter

      Title: Registered Nurse

      Place of Employment: Dixon Correctional Center

E. Defendant: Daniel Ditzler

      Title: Correctional Officer

      Place of Employment: Dixon Correctional Center

F. Defendant: Jacob Cassidy

      Title: Correctional Officer

      Place of Employment: Dixon Correctional Center

G. Defendant: Katherine Presley

      Title: Sergeant

      Place of Employment: Dixon Correctional Center

H. Defendant: Officer Coy

      Title: Correctional Officer

      Place of Employment: Dixon Correctional Center

I. Defendant: Officer Hollins

      Title: Correctional Officer

      Place of Employment: Dixon Correctional Center

J. Defendant: Brian Onken

      Title: Correctional Officer

Place of Employment: Dixon Correctional Center

K. Defendant: Officer Gallegos

Title: Correctional Officer

Place of Employment: Dixon Correctional Center

L. Defendant: CNA Hoffman

Title: Certified Nursing Assistant

Place of Employment: Dixon Correctional Center

**III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

| Case | Docket No. | Court | Date Filed | Nature of Claim | Disposition |
|---|---|---|---|---|---|
| *Bernard v. Presley et al* | 3:24-cv-50135 | N.D. Ill. | April 5, 2024 | Prisoner – Civil Rights | Open |
| *Bernard v. Carpenter et al* | 3:24-cv-50097 | N.D. Ill. | March 12, 2024 | Prisoner – Civil Rights | Open |
| *Bernard v Williams et al* | 3:23-cv-50285 | N.D. Ill. | August 1, 2023 | Prisoner – Civil Rights | Open |
| *Bernard v Dalke et al* | 3:23-cv-50269 | N.D. Ill. | July 19, 2023 | Prisoner – Civil Rights | Open |
| *Bernard v Tack et al* | 3:23-cv-50130 | N.D. Ill. | April 17, 2023 | Prisoner – Civil Rights | Open |
| *Eric Bernard v Cecelia Grossman, et al* | 23-1366 | 7th Cir. | February 24, 2023 | Prison Condition | Closed |
| *Eric Bernard v Cecelia Grossman, et al* | 23-1177 | 7th Cir. | January 27, 2023 | Prison Condition | Closed |
| *Bernard v Cassidy et al* | 3:22-cv-50025 | N.D. Ill. | January 31, 2022 | Prisoner – Civil Rights | Closed |
| *Bernard v Wilks et al* | 3:22-cv-50026 | N.D. Ill. | January 31, 2022 | Prisoner – Civil Rights | Closed |
| *Bernard v Illinois Department of Correction et al* | 3:21-cv-50124 | N.D. Ill. | March 18, 2021 | Prisoner – Civil Rights | Open |
| *Bernard v Jeffreys et al* | 3:21-cv-50109 | N.D. Ill. | March 9, 2021 | Prisoner – Civil Rights | Closed |

4

| Case | Docket No. | Court | Date Filed | Nature of Claim | Disposition |
|---|---|---|---|---|---|
| *Bernard v Jeffreys et al* | 3:21-cv-50089 | N.D. Ill. | February 26, 2021 | Prisoner – Civil Rights | Closed |
| *Eric Bernard v Roger Scott, et al* | 20-3453 | 7th Cir. | December 16, 2020 | Prison Condition | Closed |
| *Bernard v Illinois Department of Corrections et al* | 3:20-cv-50413 | N.D. Ill. | October 26, 2020 | Prisoner – Civil Rights | Open |
| *Bernard v Illinois Department of Corrections et al* | 3:20-cv-50412 | N.D. Ill. | October 26, 2020 | Prisoner – Civil Rights | Open |
| *Bernard v Hart et al* | 1:20-cv-1367 | C.D. Ill. | October 26, 2020 | Prisoner – Other | Open |
| *Bernard v Schwab Rehabilitation Hospital et al* | 1:20-cv-5373 | N.D. Ill. | September 10, 2020 | Prisoner – Civil Rights | Closed |

| Case | Docket No. | Court | Date Filed | Nature of Claim | Disposition |
|---|---|---|---|---|---|
| *Bernard v Schwab Rehabilitation Hospital et al* | 1:20-cv-5355 | N.D. Ill. | September 10, 2020 | Prisoner – Civil Rights | Closed |
| *Bernard v Illinois Department of Correction et al* | 1:20-cv-5383 | N.D. Ill. | September 10, 2020 | Prisoner – Civil Rights | Open |
| *Bernard v Illinois Department of Correction et al* | 1:20-cv-5368 | N.D. Ill. | September 10, 2020 | Prisoner – Civil Rights | Open |
| *Bernard v Illinois Department of Correction et al* | 1:20-cv-5343 | N.D. Ill. | September 10, 2020 | Prisoner – Civil Rights | Closed |
| *Bernard v Illinois Department of Correction et al* | 1:20-cv-5382 | N.D. Ill. | September 10, 2020 | Prisoner – Civil Rights | Closed |
| *Bernard v Illinois Department of Correction et al* | 1:20-cv-5345 | N.D. Ill. | September 10, 2020 | Prisoner – Civil Rights | Closed |
| *Bernard v Illinois Department of Correction et al* | 1:20-cv-5361 | N.D. Ill. | September 10, 2020 | Prisoner – Civil Rights | Closed |
| *Bernard v Illinois Department of Correction et al* | 1:20-cv-5371 | N.D. Ill. | September 10, 2020 | Prisoner – Civil Rights | Closed |
| *Bernard v Illinois Department of Correction et al* | 1:20-cv-5350 | N.D. Ill. | September 10, 2020 | Prisoner – Civil Rights | Open |
| *Bernard v Illinois Department of Correction et al* | 1:20-cv-5344 | N.D. Ill. | September 3, 2020 | Prisoner – Civil Rights | Open |
| *Bernard v Illinois Department of Correction et al* | 1:20-cv-5349 | N.D. Ill. | September 3, 2020 | Prisoner – Civil Rights | Closed |
| *Bernard v Illinois Department of Correction et al* | 1:20-cv-5341 | N.D. Ill. | September 3, 2020 | Prisoner – Other | Open |
| *Bernard v Casteel et al* | 1:19-cv-10 | C.D. | January 2, 2019 | Prisoner – Civil | Closed |

|  | 01 | Ill. |  | Rights |  |
| --- | --- | --- | --- | --- | --- |
| *Bernard v Casteel et al* | 3:18-cv-50381 | N.D. Ill. | November 30, 2018 | Prisoner – Civil Rights | Closed |
| *Bernard v Hart et al* | 1:18-cv-1333 | C.D. Ill. | September 14, 2018 | Prisoner – Other | Open |
| *Bernard v Scott et al* | 3:15-cv-50277 | N.D. Ill. | October 23, 2015 | Prisoner – Civil Rights | Closed |

**\*Please note that the Plaintiff does not have all documentation in his possession.; It is possible that more exists. If the plaintiff locates additional documentation, he will notify the court regarding any other cases for which he currently does not have access to.**

**IV. Statement of Claim:**

1. Plaintiff Eric E. Bernard is a former Prisoner who was granted a Medical release from the Illinois Department Of Correction at Dixon Correctional Center on December 18, 2024. Plaintiff was in Dixon Correctional Center since September 6, 2019.

2. Plaintiff is currently at a Nursing Home in Chicago, Illinois.

3. Plaintiff is a disabled person housed in Dixon's Health Care Unit Infirmary with an extremely high level of self-care assistance, and is a qualified, diagnosed individual by doctors who is protected under the Americans with Disabilities Act and Rehabilitation Act.

4. Due to Plaintiff's severe disabilities, he requires ADA accommodations at the facility, self-care medical assistance, access to the law library and legal case documents/discovery materials.

5. This lawsuit is being brought because ADA accommodations had been made for Plaintiff by the court, wardens, and the administration at Dixon facility; however, the named Defendants denied or continue to interfere with Plaintiff's accommodations based solely on the fact that he has filed grievances and lawsuits against them and their staff. These issues are ongoing.

6. Due to Plaintiff's disability and inability to physically visit the actual law library to access his legal documents, discovery, and filings, Warden Nicklaus, Warden Tack, Warden Arthur Manzano, and Major Boel approved accommodations by allowing Plaintiff to keep his excess legal materials in his cell (See Exhibit A) so that he can work on his active cases. As part of this accommodation, Plaintiff is allowed to have at least two legal boxes in his cell at all times. Because Plaintiff

6

does not have access to a shredder to destroy confidential records, Plaintiff and the Wardens, Majors, Sergeant John Fredrick, Sergeant Hannah Smith, Sergeant Weber, and Officer Altizer all had an understanding that Plaintiff would either ball up or rip the documents or place them in a pile, and staff would then destroy them by taking them straight to the

7. Plaintiff has several court orders requesting that Dixon Correctional Facility allow Plaintiff access to discovery materials in those cases. Judge Snyder, issued several orders in each case that is pending before this court, including several Judges in other districts and counties in this state. This is why the Wardens and Majors allow Plaintiff to have discovery material inside of his cell.

8. Over the years prior to the filing of this lawsuit, Defendants Jeffrey Dalke, Monica Carpenter, Officer Coy, Officer Gallegos, Officer Cassidy, Officer Hollins, Officer Brian Onken, Officer Ditzler would randomly come in Plaintiff's cell and will destroy his discovery material and affidavits from witnesses in his current cases. These Defendants would inform Plaintiff that they will not let him litigate a case against them as long as they are around, regardless of what the Warden said they will take everything and make it as hard as possible for Plaintiff to sue them.

9. In June/July 2022 Defendants Sergeant Dahlstrom, Officer Ditzler, Jeffrey Dalke, Monica Carpenter, Officer Coy, and Officer Gallegos have, over the past two years, intentionally and wrongfully confiscated all of Plaintiff's legal documents — including discovery,materials, filings, and motions/petitions that he was actively preparing. These Defendants have told Plaintiff that they are taking his legal/discovery materials because he filed lawsuits and grievances against them. They further stated that it would be impossible for Plaintiff to litigate his Pro se cases without his legal work. This ongoing retaliation by these Defendants is actively interfering with Plaintiff's ability to represent himself in the following cases:

   *Bernard v. Jeffreys, 21-cv-50124*
   *Bernard v. Tack et al. 23-cv-50130*
   *Bernard v. Dalke, et al 23-cv-50269*
   *Bernard v. Melvin et al 18-cv-01333*
   *Bernard v. St. James Hospital, 20-cv-01367*

10. Sometime in late 2022 the Wardens ordered that Plaintiff get his discovery materials back and that no staff should touch or tamper with his materials needed for his cases and instructed staff to stop interfering with Plaintiff's legal materials and his ability to litigate.

11. Between December 2023, January 2024 and February 2024 Defendants Jeffrey Dalke, Hoffman, Monica Carpenter, Officer Coy, Officer Gallegos, Officer Cassidy, Officer Hollins, Officer Brian Onken, Sergeant Presley approached Plaintiff numerous times informing him that they don't care what the Wardens or Majors say they will continue to take his documents.

12. On around March 1, 2024 Defendants Presley, Onken, Hoffman and an Unknown Officer (John Doe) came into Plaintiff's room and confiscated several affidavits from witnesses and other legal documents. Hoffman and John Doe took Plaintiff's Affidavits from his witnesses and ripped them up. Defendant Presley said all that she needs to say is that drugs are on the paper and that she can then take those papers and put Plaintiff in segregation, take all of his property and destroy it all. An unknown staff member informed Defendant Presely that Plaintiff has an order from the Wardens to let him keep his documents in the room. Defendant Presley stated that she was going to write Plaintiff a couple of bogus disciplinary reports and those reports would get him in segregation. After Defendant Presley wrote the disciplinary reports she contacted the Major requesting that Plaintiff go to segregation for having drugs on his legal documents. The Major informed Defendant Presley that she cannot write a disciplinary report or put someone in segregation without knowing there are actual drugs on the document and the only way to know that is to have the document tested. The legal documents tested negative for drugs. Defendant Presley was upset that Plaintiff did not go to segregation and informed Plaintiff that she will be working that Sunday and she will make sure that Plaintiff goes to segregation that day and will make sure to destroy all documents and evidence and that she will lie and say that Plaintiff made threats towards her and that Plaintiff will start a fire with his legal documents so that she can take everything.

13. On March 3, 2024, Defendant Presley alleged that Plaintiff was going to start a fire in his room with his legal documents. Defendant Presley wrote a disciplinary report for threats and intimidation and Plaintiff was immediately placed in segregation. Defendants Hollins, Onken, Coy, and Cassidy wrongfully confiscated Plaintiff's legal work and discovery materials as an act of retaliation. After confiscating Plaintiff's legal materials, these Defendants provided Plaintiff with an inventory listing the property he was allowed to keep (See Exhibit "B"). As shown in the lower left section of Exhibit "B," no legal documents were returned or given back to Plaintiff. Officer Jacob Cassidy (who is also a Defendant in Bernard v. Jeffreys, et al., 20-cv-50413, among other lawsuits) and Sergeant Presley instructed Officer Brian Onken, Officer Hollins, Officer Coy, and Officer Gallegos not to return Plaintiff's legal work/discovery under any circumstances — even if ordered to do so by the Wardens or Major.

14. On March 7, 2024, and again on March 13, 2024, Warden Arthur Manzano informed Plaintiff that Plaintiff's legal work and discovery should not have been confiscated. Warden Manzano ordered the property officers (Coy, Gallegos, and

8

Cassidy) to return Plaintiff's legal work and discovery. However, to date, these defendants have refused to return the legal materials, citing Plaintiff's filing of lawsuits and grievances against them as the reason for withholding the materials. Plaintiff has addressed this issue with this court and the judges in the Central District of Illinois (See Exhibits "C," "D," and "E"). Chief Judge Sara Darrow of the Central District instructed Plaintiff to file another lawsuit to address the retaliation by staff for taking Plaintiff's discovery, which hinders Plaintiff's ability to litigate his cases (See Exhibit "E"). The Honorable Margaret J. Schneider also suggested that Plaintiff file a lawsuit concerning the retaliation (See Exhibit "F")

15. After being in Segregation for 11 days Plaintiff was exonerated from Defendant Presley's Disciplinary Reports and an investigation revealed that Defendant Presley falsified the Disciplinary Reports.

    NOTE: Find Exhibits Attached to original Complaint.

## CLAIM #I

**Retaliation under the First Amendment of the U.S. Constitution Against Defendants Katherine Presley, Brian Onken, Daniel Ditzler, Jefry Dalke, Officer [Unknown], CNA Hoffman, Coy, Cassidy, Carpenter, Gallegos, Hollins, Dahlstrom**

Plaintiff incorporates and realleges the facts as detailed in this complaint.

Plaintiff has the right to be free from Retaliation under the First Amendment of the U.S. Constitution when filing grievances and lawsuits against prison officials.

Defendants Katherine Presley, Brian Onken, Daniel Ditzler, Jefry Dalke, Officer [Unknown], CNA Hoffman, Coy, Gallegos, Hollins, Dahlstrom are violating Plaintiff's rights under the Americans with Disabilities Act (ADA), the Rehabilitation Act and other rights by denying and interfering with Accommodations approved by the facility Wardens and the Administration. This Retaliation stems from Plaintiff's filing of grievances and lawsuits against these Defendants and their staff.

In June/July 2022 through March 2024 all Defendants Dahlstrom, Carpenter, Ditzler have conspired together engaging in Retaliation destroying and damaging Plaintiff Affidavits and legal Discovery materials.

Plaintiff is responsible for litigating these cases, but it is impossible for him to participate in filing motions, summary judgment briefs, or responding to dispositive motions if he does not have access to the necessary materials to prepare or respond.

9

Plaintiff is severely prejudiced by these Defendants' acts of Retaliation.

On March 1-3, 2024 Defendants Dahlstrom, Carpenter, Cassidy, Presley, Coy, Hollins, Hoffman, Onken, and Gallegos informed Plaintiff that they confiscated, destroyed and damaged his affidavits from his witnesses, legal filings and Discovery Material to prevent him from litigating against them in court. They stated they were doing this because Plaintiff filed lawsuits against them.

As stated above, all Defendants are subjecting Plaintiff to Retaliation in violation of the First Amendment of the U.S. Constitution. Plaintiff's filing of grievances and lawsuits.

Plaintiff has suffered extreme prejudice to his litigation because of Defendants destroying and damaging evidence that's irreparable.

**V. Relief:**

Monetary damages of $5 million,

Punitive damages of 5 million

Any other damages or remedied as this Court deems appropriate.

**VI.** The plaintiff demands that the case be tried by a jury. **YES.**

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 30th day of April, 2025

/s/ Eric E. Bernard

Eric E. Bernard

2055 W. Balmoral Ave.
Chicago, IL 60625